IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01692–RBJ–KMT

ANNE BENNETT MORRISON DIETZ,

Plaintiff,

v.

JOHN FORD DIETZ,

Defendant.

---

## ORDER AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendant's Motion for Discovery Protective Order Under Rule 26(c) and Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction" (Doc. No. 3, filed May 21, 2011 [Mot. Protective Order]), including Defendant's Brief in Support thereof (Doc. No. 4, filed May 21, 2011 [Br. Supp. Mot. Protective Order]), as well as the "Motion to Compel Post-Judgment Discovery" (Doc. No. 7, filed June 10, 2011 [Mot. Compel]).

### FACTUAL BACKGROUND

The following factual background is derived from the parties' filings with respect to this Order and Recommendation.  In 2007, Anne Dietz, the plaintiff here, petitioned for the return of her children from John Ford Dietz, the defendant here, in the United States District Court for the Western District of Louisiana (hereinafter the "Louisiana Court"), pursuant to the International

Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11611.[1]  On September 17, 2008, the

Louisiana Court entered judgment in favor of Ms. Dietz and against Mr. Dietz for, among other

things, the necessary costs and expenses, including attorney fees, incurred by Plaintiff in

pursuing the case before it, as well as a related case filed in the 15th Judicial District Court,

Vermillion Parish, Louisiana.  (*See* Doc. No. 1-1 at 1–2, filed Mar. 14, 2011 [hereinafter the

"Louisiana Court Judgment"].)  On June 2, 2009, the Louisiana Court awarded Ms. Dietz

$18,935 in attorney's fees and $12,416 in costs and expenses, for a total judgment of $31, 351.

(*Id.* at 3.)

     On September 7, 2010, Ms. Dietz purportedly assigned all right, title and interest in the

Louisiana Court Judgment to Richard Morrison, her brother.  (Doc. No. 2, Declaration of

Assignment of Judgment, Ex. A.)  Thereafter, Mr. Morrison sought to enforce the Louisiana

Court Judgment against Mr. Dietz.  (*See* Brief, Ex. A, Aff. of John Dietz [J. Dietz Aff], at Ex. 2.)

Mr. Morrison first sought to enforce the judgment in the United States District Court for the

Northern District of California; however, that action was dismissed for lack of jurisdiction.

(Doc. No. 9, filed June 20, 2011 [Resp. Mot. Compel], Ex. B.)  Mr. Morrison now seeks to

enforce the Louisiana Court Judgment here.

## PROCEDURAL HISTORY

     Mr. Morrison commenced the present action on March 14, 2011 by filing a certified copy

of the Louisiana Court Judgment, pursuant to 28 U.S.C. § 1963.  On April 23, 2011, pursuant to

---

[1] See *Dietz v. Dietz,* 349 F. App'x 930 (5th Cir. 2009), for a full background on this underlying suit.

Fed. R. Civ. P. 69(a), Mr. Morrison served his first set of Post-Judgment Interrogatories and his first set of Post-Judgment Requests for Production on Defendant.  (*See* Mot. Protective Order, Exs. A–B.)

Defendant filed his Motion for Protective Order, and brief in support thereof, on May 21, 2011.  Mr. Morrison filed his Response to Defendant's Motion for Protective Order on June 10, 2011 (Doc. No. 6 [Resp. Mot. Protective Order]) and Defendant replied on June 20, 2011 (Doc. No. 8 [Reply Mot. Protective Order]).

On June 20, 2011, the same day he filed his Response to the Motion for Protective Order, Mr. Morrison filed his Motion to Compel.  Defendant responded to the Motion to Compel on June 20, 2011 (Doc. No. 9 [Resp. Mot. Compel]) and Mr. Morrison replied on June 23, 2011 (Doc. No. 10 [Reply Mot. Compel]).  Accordingly, this matter is ripe for the court's review.

In his Motion for Protective Order, Defendant argues, among other things, that this court lacks personal jurisdiction over him.  (Mot. at 1-2.)  Accordingly, Defendant maintains that this court should enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) from Mr. Morrison's discovery requests, and should dismiss this case for lack of personal jurisdiction.  Conversely, in his Motion to Compel, Mr. Morrison maintains that this court does have personal jurisdiction over Defendant and that, consequently, Defendant should be compelled to respond to Mr. Morrison's post-judgment discovery requests.

## LEGAL STANDARDS

*1.*     **Pro Se** *Parties*

Both Mr. Morrison and Defendant are proceeding *pro se*.  The court, therefore,

"review[s] their pleadings and other papers liberally and hold[s] them to a less stringent standard

than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir.

2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding

allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by

lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual

averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935

F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  A court may not assume that a plaintiff can

prove facts that have not been alleged, or that a defendant has violated laws in ways that a

plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of

Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74

(10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's

complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may

not "construct arguments or theories for the plaintiff in the absence of any discussion of those

issues").

*2.*     ***Lack of Personal Jurisdiction***

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss

for "lack of personal jurisdiction."  Fed. R. Civ. P. 12(b)(2).  Mr. Morrison, acting vis-a-vis

Plaintiff, bears the burden of establishing personal jurisdiction over Defendant.  *OMI Holdings,*

4

*Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).  In the preliminary stages of

litigation, Mr. Morrison's burden is light.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th

Cir. 1995).  Where, as here, there has been no evidentiary hearing, and the motion to dismiss for

lack of personal jurisdiction is decided on the basis of affidavits and other materials, Mr.

Morrison need only make a *prima facie* showing that jurisdiction exists.  *Id.*

Mr. Morrison "has the duty to support jurisdictional allegations . . . by competent proof

of the supporting facts if the jurisdictional allegations are challenged by an appropriate

pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).  Mr. Morrison's

allegations "'must be taken as true to the extent they are uncontroverted by [Defendant's]

affidavits.'"  *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th

Cir. 1992)).  If the parties present conflicting affidavits, all factual disputes must be resolved in

Mr. Morrison's favor, and his "*prima facie* showing is sufficient notwithstanding the contrary

presentation by the moving party." *Id.* (citation omitted).  Only well-pled facts, as opposed to

mere conclusory allegations, must be accepted as true.  *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the

court must determine '(1) whether the applicable statute potentially confers jurisdiction by

authorizing service of process on the defendant and (2) whether the exercise of jurisdiction

comports with due process.'" *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)

(quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).

Because 28 U.S.C. § 1963 itself does not authorize service of process, service must be made in

accordance with the law of the state where the district court sits.  *See* Fed. R. Civ. P. 4(k)(1) and

4(e)(1).

In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements

of the long-arm statute; and (2) comport with due process.  *See Classic Auto Sales, Inc. v.*

*Schocket*, 832 P.2d 233, 235 (Colo. 1992).  Colorado's long arm statute "extends the jurisdiction

of Colorado courts to the fullest extent permitted by the due process clauses of the United States

and Colorado Constitutions."  *Id.*  Where a "state long arm statute supports personal jurisdiction

to the full extent constitutionally permitted, due process principles govern the inquiry."  *Shrader*

*v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011); *see also Dudnikov v. Chalk & Vermilion*

*Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (noting that, because Colorado's long-arm

statute confers the maximum jurisdiction permissible, the statutory inquiry effectively collapses

into the constitutional analysis).

To comport with due process, a defendant must have minimum contacts with the forum

state such that maintenance of the lawsuit would not offend "traditional notions of fair play and

substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The purpose of the

minimum contacts requirement is to protect "an individual's liberty interest in not being subject

to the binding judgments of a forum with which he has established no meaningful contacts, ties,

or relations."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotations and

citation omitted).  Due process requires that a defendant have "fair notice that [his] activities will

render [him] liable to suit in a particular forum."  *Peay*, 205 F.3d at 1211.

Contacts "may give rise to personal jurisdiction over a non-resident defendant either generally, for any lawsuit, or specifically, solely for lawsuits arising out of particular forum-related activities." *Shrader*, 633 F.3d at 1239.  As the Tenth Circuit has explained,

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a *quid pro quo*: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

*Dudnikov*, 514 F.3d at 1078 (citation omitted).

## ANALYSIS

### 1.      *Whether Personal Jurisdiction over Defendant is Required in this Case*

An important threshold issue in this matter, which the parties have not addressed, is whether—and, if so, at what point—the court must inquire into whether it has personal jurisdiction over Defendant.  This unique and rather complex procedural issue arises from the fact that this matter commenced upon Mr. Morrison's registering the Louisiana Court Judgment in favor of Plaintiff Anne Dietz pursuant to 28 U.S.C. § 1963.[2]

---

[2] The court acknowledges that there may be a question of whether Mr. Morrison must be joined or substituted as the real-party-in-interest, pursuant to Fed. R. Civ. P. 17(a).  However, "failure to timely raise a real-party-in-interest defense operates as a waiver." *FDIC v. Bachman,* 894 F.2d 1233, 1236 (10th Cir. 1990); *EEOC v. Outback Steak House,* 06-cv-01935-EWN-BNB, 2007 WL 2947326, at *4 (D. Colo Aug. 27, 2007).  Moreover, the court notes that a number of other court's have proceeded in registration actions with parties and assignees similarly situated. *See, e.g., Boulevard Bank Nat'l Assn. v. Baldwin,* No. 95-MC-0193, 1996 WL 460043, at *1 (E.D. Pa. Aug. 9, 1996) (unpublished); *Fifth Third Bank v. Mytelka,* No. 04-271-C, 2009 WL 2046849, at *1 (W.D. Ky. July 10, 2009) (unpublished). *See also Dietz v. Dietz,* No. C-10-80207 SI (EMC), 2011 WL 772914 (N.D. Cal. Mar. 1, 2011) (unpublished) (in which Mr. Morrison registered the same judgment at issue in this case in the Northern District of California).

As is pertinent here, 28 U.S.C. § 1963 provides as follows:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in a like manner.

Thus, Section 1963 confers federal jurisdiction to enforce money or property judgments entered by other federal district courts. *Travelers Indemnity Co. of Ill. v. Hash Mgmt., Inc.,* 173 F.R.D. 150, 152 (M.D.N.C. 1997). Prior to Section 1963's enactment, a judgment creditor had to bring an independent action in order to enforce a judgment in a jurisdiction other than that of the court that issued the original judgment— in other words, they had to bring suit on the judgment and obtain a "judgment on a judgment." *Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.,* 252 F.3d 399, 404 (5th Cir. 2001); *Travelers Indemnity,* 173 F.R.D. at 152. As might be expected, this pre-Section 1963 approach was time consuming and costly. Thus, Section 1963 was enacted "to spare creditors and debtors alike both the additional costs and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district court other than that where the judgment was originally obtained. *Home Port Rentals,* 252 F.2d at 404 (quoting S. Rep. No. 1917 (1954), *reprinted in* 1954 U.S.C.C.A.N. 3142)

In order to register a foreign judgment, a party must simply file a certified copy of the judgment with the court. 28 U.S.C. § 1963; *Travelers Indemnity,* 173 F.R.D. at 152. Notice to parties and judicial involvement is not necessary. *Id.* Once the certified copy of the judgment is

8

filed, registration provides the equivalent of a new judgment of the registration court. *Stanford v. Utley,* 341 F.2d 265, 268-70 (8th Cir. 1965).

However, Section 1963 is broader, in both scope and language than a mere "ministerial" step. *Stanford,* 523 F.2d at 270. The text of the statute itself contemplates that the registered judgment may be *enforced* as if it were a judgment of the registering court. 28 U.S.C. § 1963. Thus, courts have recognized that judgments may be subject to collateral attack based on a lack of personal jurisdiction in the rendering court or fraud. *See, e.g. Harper Macleod Solicitors v. Keaty & Keaty,* 260 F.3d 389, 397 (5th Cir. 2001) (quoting *Covington Indust., Inc. v. Resintex A.G.,* 629 F.2d 730, 732 (2d Cir. 1980)) ("When, in an enforcement proceeding, the validity of the judgment is questioned on this ground [of lack of personal jurisdiction], the enforcing court has the inherent power to void the judgment[.]"); *Hadden v. Rumsey,* 196 F.2d 92, 96 (2d Cir. 1952) (registering court was required to take proof on question of whether judgment entered by rendering court was procured by fraud). Similarly, courts have generally recognized that a registering court has the power to hear motions with respect to the execution of the judgment. *Tommills Brokerage Co. v. Thon,* 52 F.R.D. 200, 203 (D.P.R. 1971); *Ohio Hoist Mfg. Co. v. LiRocchi,* 490 F.2d 105, 107-08 (6th Cir. 1974) (where foreign judgment was registered in violation of Section 1963, registering court had authority to grant relief annulling or vacating registered judgment, vacating any process or executions which may have been issued upon the registered judgment, and restoring seized or levied assets).

Beyond this basic framework, however, "the powers of the district court in a registration proceeding are not precisely defined." *United States v. Home Indemnity Co.,* 549 F.2d 10, 14

9

(7th Cir. 1977); *Stanley,* 341 F.2d at 271 ("We note by way of caveat that § 1963 presents much

to be answered in the future").  The question presented in this case—whether and, if so, at what

procedural juncture, the court must assure itself that it has personal jurisdiction over a judgment

debtor—has not been affirmatively answered.  Nevertheless, a few courts have circled around

the issue and therefore represent an instructive beginning point.

In *Dichter v. Disco Corp.,* 606 F. Supp. 721 (S.D. Ohio 1984), the court concluded that

the potential that it lacked personal jurisdiction over the judgment debtor did not bar the court

from considering a motion to revive a judgment registered with the court nearly 20 years prior.

In that case*,* the plaintiff obtained a judgment in the United States District Court for the Northern

District of Texas in 1964, and registered that judgment two weeks later in the United States

District Court for the Southern District of Ohio.  *Id.* at 722.  Consistent with Section 1963, this

effectively created a new judgment in the Southern District of Ohio.  However, apparently, the

latter judgment was never collected, nor were any enforcement proceedings pursued against the

defendant between 1964 and 1983.  *Id.*  Instead it was not until sometime in 1983 or 1984 that

the plaintiff determined that the defendant was residing in the Cincinnati area and, consequently,

moved for a conditional order to revive the Southern District of Ohio judgment.  *Id.*

The defendant argued that the court should not revive the judgment because the Ohio

court did not have jurisdiction over him at the time the judgment was registered.  *Id.* at 724.

More specifically, the defendant argued that, at the time the Northern District of Texas judgment

was registered in the Southern District of Ohio in 1964, he did not have any property, nor did he

reside, in the Southern District of Ohio.  *Id.*  Thus, the defendant argued that the Southern

District of Ohio judgment should not be revived because only valid judgments can be revived, and that judgment was void *ab initio* for want of personal jurisdiction.  *Id.*

After acknowledging that it appeared to be a question of first impression, the *Dichter* court rejected the defendant's personal jurisdiction argument.  *Id.* at 724-25.  The court first pointed out that *"Stanford v. Utley* and other cases [] have broadly interpreted § 1963."  *Id.* at 724.  As a consequence, the *Dichter* court concluded that "while there may well be constitutional limitations on registration of judgments under the statute, personal jurisdiction in the court of registration upon the date of registration is not one of them."  *Id.* at 725.

While the court agrees with the *Dichter* court's holding, it is important to note its explicit limitations.  Specifically, the *Dichter* court only addressed whether the registering court must have personal jurisdiction over the defendant "*upon the date of registration.*"  *Id.* (emphasis added).  As already discussed, the initial process of registering a judgment is essentially a ministerial act—a judgment creditor need only file a certified copy of the judgment for the foreign judgment to have the status of a judgment entered by the registering court.  *Travelers Indemnity,* 173 F.R.D. at 152.  Importantly, notice to the parties and judicial involvement is not necessary.  *Id.*  Thus, because the process of registering a judgment does not require any affirmative act by the court, or notice to the parties, the court's *in personam* jurisdiction over the judgment debtor is not yet implicated.  Accordingly, consistent with the *Dichter* holding, this court concludes that personal jurisdiction over the judgment debtor is not a prerequisite to the *registration* of a foreign judgment.

11

Here, however, Mr. Morrison has gone beyond the ministerial act of registering a judgment—he has served post-judgment discovery on Defendant pursuant to Fed. R. Civ. P. 69(a).  Furthermore, Defendant now seeks a protective order from that discovery and, conversely, Mr. Morrison seeks an order compelling responses to his discovery requests.

Thus, the question raised by Mr. Morrison and Defendant's competing motions is whether, *after* a judgment has been properly registered, the court may order a judgment-debtor defendant to respond to Rule 69(a) post-judgment discovery without assuring itself that it has personal jurisdiction over that defendant.  This appears to be a question of first impression.

The general rule is that a court cannot compel discovery from a party unless it has personal jurisdiction over that party.  *Familia de Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1138–39 (5th Cir. 1980).  There does not appear to be any reason to conclude that post-judgment discovery pursuant to Rule 69(a) in a registering court represents an exception to this general rule.  Indeed, the only court to indirectly address this issue implicitly acknowledged that the registering court must have personal jurisdiction before issuing any discovery related orders.  *Travelers Indemnity,* 173 F.R.D. at 154.

In *Travelers Indemnity,* the court considered whether post-judgment discovery is more properly conducted before the rendering court or the registering court.  In conducting this analysis, the *Travelers Indemnity* court acknowledged that:

> When a judgment creditor pursues discovery in a registered-judgment court, it will be required to personally serve process on the judgment debtor.  Without any prior appearance of the judgment debtor before it, the court likely has no identifying information nor any basis for service of its discovery order.  And,

> even when the order is served, the judgment debtor may well contest the court's *in personam* jurisdiction.

*Id.*  Thus, the court concluded that ordinarily "[t]he original-judgment court should be utilized [to consider post-judgment discovery] because there will not likely be a question whether such court has *in personam* jurisdiction over the judgment debtor."  *Id.*

Case law regarding suits upon judgments is also instructive.  A number of courts have recognized that "[a]lthough different from a suit upon a judgment, registration is designed to achieve the same result and the legal principles of a suit upon a judgment are generally applicable to problems that may arise from registration."  *Juneanu Spruce Corp. v. Int'l Longshoremen's & Warehousemen's Union,* 128 F. Supp. 697, 700 (D. Haw. 1955); *see also Home Indemnity Co.,* 549 F.2d at 14 (same).  Although the case law on this point is also sparse, it seems clear that a federal court cannot enforce a judgment through a suit upon a judgment without "independently establishing its own jurisdiction over the . . . parties."  *Threlkeld v. Tucker,* 496 F.2d 1101, 1104 (9th Cir. 1974).

Finally, in light of the fact that filing a certified copy of a judgment is all that is required to register it, the absence of a personal jurisdiction requirement would allow an abusive judgment creditor to propound post-judgment discovery to a judgment debtor in any federal district court in the country.  *See Zahran v. Frankenmuth Mut. Ins. Co.*, 175 F.3d 1022, 1999 WL 191493, at *2 (7th Cir. Mar. 25, 1999) (unpublished table opinion) ("[A] judgment may be registered in more than one district").  And, upon an appropriate motion, a court would likely have to compel discovery responses from a judgment debtor regardless of whether the latter has

property in, or other contacts with, the forum state.  Such a result would clearly contravene the

Due Process clause's requirement that a defendant be able to foresee that his "conduct and

connection with the forum are such that he should reasonably anticipate being haled into court

there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980); *see also Burger

King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) ("[T]he Due Process Clause gives a degree

of predictability to the legal system that allows potential defendants to structure their primary

conduct with some minimum assurance as to where that conduct will and will not render them

liable to suit.") (internal citations and quotation marks omitted).

Altogether, the court finds that there is no reason to except post-judgment discovery in a

Section 1963 registration action from the general rule that a court have personal jurisdiction over

a party before it can compel discovery from that party.  *Familia de Boom,* 629 F.2d at 1138–39.

In other words, the court makes the *Travelers Indemnity* court's implicit conclusion explicit—in

Section 1963 registration action, the court must have personal jurisdiction over the judgment

debtor before it can order the judgment debtor to comply with post-judgment discovery.

To summarize, the court agrees with the *Dichter* court it need not find that it had personal

jurisdiction over Defendant "upon the date of registration."  606 F. Supp. at 725.  Thus, in light

of the fact that this case commenced when Mr. Morrison filed a certified copy of the Louisiana

Court Judgment for registration, the court finds that it would be inappropriate to *dismiss* this

action for want of personal jurisdiction.  Accordingly, the court finds that Defendant's Motion to

for Protective Order is properly denied to the extent that it seeks to dismiss this action in its

entirety.

14

However, as outlined above, the court finds that it must have personal jurisdiction over Defendant before it can compel him to respond to post-judgment discovery in this matter.  The court turns to this issue below.

**2.      *Whether the Court has Personal Jurisdiction to Compel Discovery Responses From Defendant***

As already noted, Defendant argues that the post-judgment discovery sought by Mr. Morrison is inappropriate because this court lacks personal jurisdiction over him.  (Resp. Mot. Compel at 12-17; Br. Support Mot. Protective Order/Dismiss 11-16.)  Mr. Morrison maintains that this court has personal jurisdiction over Defendant and also has jurisdiction over Defendant's "assets" located in the state of Colorado.  (Mot. Compel at 1-5.)  As it is Mr. Morrison's burden to establish that this court has personal jurisdiction over Defendant, the court addresses his arguments in favor of exercising personal jurisdiction below.

**A.      *Servicios Legales, Inc.***

First, Mr. Morrison argues that this court has jurisdiction over Defendant because he is the principal of a Colorado corporation, Servicios Legales, Inc.  (Mot. Compel at 3.)  However, generally, "[j]urisdiction over the representatives of a corporation may not be predicated on the jurisdiction over the corporation itself." *Ten Mile Indus. Park v. W. Plains Serv. Corp.,* 810 F.2d 1518, 1527 (10th Cir. 1987).  Instead, "jurisdiction over the individual officer and directors [of a corporation] must be based on their individual contacts with the state." *Id.*

Nevertheless, "federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that

would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 653 (5th Cir.2002).  In other words, "'if the corporation is not a viable one and the individuals are in fact conducting personal activities and using the corporate form as a shield, a court may feel compelled to pierce the corporate veil and permit assertion of personal jurisdiction over the individuals.'" *Ten Mile Indus. Park,* 810 F.2d at 1527 (quoting Charles Wright, Arthur Miller & Mary Kane, FEDERAL PRACTICE AND PROCEDURE,§ 1069 (1985 Supp.)).

Although Mr. Morrison maintains that Defendant was using Servicios Legales to conduct his personal affairs, the court finds that Mr. Morrison has failed to offer sufficient evidence to that effect to justify piercing the corporate veil.  Indeed, Mr. Morrison only proffered basis for piercing the corporate veil is his conclusory and unsubstantiated statement that "upon information and belief, Mr. Dietz uses this Colorado corporation as an alter ego for his personal finances." (Mot. Compel at 4.)  Without more, this single conclusory statement falls well short of providing a basis upon which to pierce the corporate veil under an alter ego theory of personal jurisdiction. *Cascade Energy & Metals v. Banks,* 896 F.2d 1557, 1576 (10th Cir. 1990)) ("'[C]orporate veils exist for a reason and should be pierced only reluctantly and cautiously.  The law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities.")  Accordingly, the court declines to piece the corporate veil of Servicios Legales in order to find personal jurisdiction over Defendant.

**B.      Rancho Durango Property**

Mr. Morrison next argues that the court has jurisdiction over Defendant because a 46-acre parcel of property identified as Rancho Durango #1, Lot 2, Unit 2, located at 2900 Rancho Durango Road, Durango, Colorado  (hereinafter the "Rancho Durango property").[3]  (Mot. Compel at 4–5.)  However, Mr. Morrison does not dispute that Defendant has not held an ownership interest in the Rancho Durango property since June 1999.  (*See* Resp. Mot. Compel at 12; Reply Mot. Compel at 3.)

Nevertheless, Mr. Morrison maintains that Defendant formerly "held and controlled assets under an alter ego Colorado limited liability company, the Shambhala, LLC, the primary asset of which is believed to have been [the Rancho Durango property]."  (Mot. Compel at 4.)  Mr. Morrison acknowledges that, on March 19, 2009, the Rancho Durango property was further transferred from Shambhala to an educational trust (hereinafter the "Educational Trust") for Defendant's children, with Defendant's father as trustee.  (*Id.*)  However, Mr. Morrison

---

[3] Although Mr. Morrison asserts that this court may exercise *quasi in rem* jurisdiction based on the presence of the Durango Property in Colorado, the court notes that its analysis is still governed by the minimum contacts standards set forth in *International Shoe Co.*, 326 U.S. 310, and discussed *supra.*.  *Shaffer v. Heitner,* 433 U.S. 186, 207 (1977) ("[I]n order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising jurisdiction over the interests of persons in a thing.  The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in *International Shoe*.")

maintains that the transaction was inherently suspect due to the transaction's timing,[4] the lack of any consideration therefor, the purported dissolution of Shambhala, LLC immediately thereafter, and Defendant's subsequent payment of the property taxes on the Rancho Durango property from his personal funds. (*Id.*) Consequently, Mr. Morrison maintains that the transfer of the Rancho Durango property from Shambhala to the Educational Trust violated the Colorado Uniform Fraudulent Transfer Act (CUFTA), Colo. Rev. Stat § 38–8–101 *et seq.* (*Id.*)

The ownership of real property in a state is not, alone, sufficient to establish personal jurisdiction over a defendant. *Shaffer,* 433 U.S. at 207; *see also CIT Group/Comm. Servs., Inc. v. Love,* 07–cv–01272–JLK–GJR, 2007 WL 3274433, at *4 (D. Colo. Nov. 5, 2007) (unpublished). Thus, it is less than clear that the court would have personal jurisdiction over Defendant even if *he* owned the Rancho Durango property. The fact that Defendant is now twice removed from owning the Rancho Durango property further indicates how tenuous it would be to exercise personal jurisdiction over him on this basis. Indeed, Mr. Morrison would have the court engage in a legal gymnastics routine in order to ground personal jurisdiction in the Rancho Durango property.

First, Mr. Morrison would presumably have the court avoid the transfer of the Rancho Durango property from Shambhala to the Educational Trust, pursuant to the CUFTA, to put the property back into Shambhala's ownership. *See* Colo. Rev. Stat. § 38–8–108(1)(a) (noting that

---

[4] The Rancho Durango property was transferred from Shambhala to the Educational Trust on March 18, 2009—six months after the Louisiana Court Judgment was entered, but approximately one-and-a-half months before Ms. Dietz was actually awarded costs and fees against Defendant. (*Compare* Mot. Compel, Ex. C at 3 *with* the Louisiana Court J.)

one remedy a creditor can obtain under the CUFTA is "avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim"). At the outset, the court notes that Mr. Morrison has not cited, nor can the court otherwise find, any case where a court utilized the CUFTA to establish personal jurisdiction over a defendant.[5] In any event, to be actionable under the CUFTA, the transfer alleged to have been intended to "hinder, delay or defraud any creditor" must be made by a "*debtor*." *Id.* § 38–8–105(1)(a) (emphasis added). The CUFTA defines a "debtor" as "a person who is liable on a claim." *Id.* § 38–8–102(7). Simply put, Shambhala is not liable on the Lousiana Court Judgment—Defendant Dietz is. Therefore, even if it were appropriate to use the CUFTA to establish personal jurisdiction over Defendant, under these circumstances avoiding Shambhala's transfer of the Rancho Durango property to the Educational Trust would be unwarranted.

Thereafter, having voided the transfer from Shambhala to the Educational Trust, Mr. Morrison would then have the court conclude that Shambhala is Defendant's alter-ego. (*See* Mot. Compel at 4.) More specifically, because LLCs "expressly protect members from liability for company obligations," courts have found that "[p]ersonal jurisdiction over a [LLC] does not automatically extend to its members." *Graymore, LLC v. Gray,* 06-cv-00638-EWN-CBS, 2007 WL 1059004 (D. Colo. Apr. 6, 2007) (citations omitted and alterations in original). Thus, much like with Servicios Legales, Mr. Morrison would ostensibly have the court pierce Shambhala's LLC veil. *See Colborne Corp. v. Weinstein,* --- P.3d ----, 2010 WL 185416, at *3 (Colo. App.

---

[5] Rather, although the court does not so hold, it is likely that Mr. Morrison would have to bring a separate action under the CUFTA to void this transfer.

2010) (citing Colo. Rev. Stat. § 7-80-107(1)) (noting that the Colorado Limited Liability Act, Colo. Rev. Stat. § 7-80-101 *et seq.*, providing that case law allowing for the corporate veil to be pierced is also applicable to LLCs).

The court finds that piercing Shambala's veil to established personal jurisdiction over Defendant would also be unwarranted. Although Mr. Morrison maintains that Defendant placed the Rancho Durango property into Shambhala's control for "asset protection purposes" (Reply Mot. Compel at 3), Mr. Morrison's only evidence for concluding that Shambhala is Defendant's alter-ego is that, in November 2005 email—written well after Defendant had conveyed his interest in the Rancho Durango property to Shambhala—Defendant apparently considered the Rancho Durango property to be jointly owned with Plaintiff Anne Dietz. (*See id,* Ex. B.) As already noted, courts should not pierce a business entity's veil lightly. *Cascade Energy & Metals Corp.,* 896 F.2d at 1576. The court finds that a single statement that merely suggests an LLC member's belief that he owns LLC property is an insufficient basis for piercing an LLC's veil.

Additionally, the court notes that Defendant *and* Plaintiff transferred their interest in the Rancho Durango property to Shambhala well over nine years before the September 17, 2008 Judgment was entered in favor of Plaintiff. Thus, it nearly untenable that Defendant was using Shambala in order to perpetrate fraud on Plaintiff or Mr. Morrison. *McCallum Family L.L.C. v. Winger,* 221 P.3d 69, 78 (Colo. App. 2009) (citations omitted) (noting that the second element of Colorado's veil-piercing test is whether the "corporate fiction was used to perpetrate a fraud or defeat a rightful claim.")

20

Finally, Mr. Morrison has not cited any case, nor can the court otherwise find, that paying property taxes on a parcel of land—without any concomitant ownership interest—provides a sufficient basis for a court to exercise personal jurisdiction over a party. Therefore, altogether, the court finds that Defendant's former interest in the Rancho Durango property does not establish that Defendant has the requisite minimum contacts with Colorado for this court to exercise personal jurisdiction over him.

### C.       *Iniani.com Website*

Next, Mr. Morrison argues that personal jurisdiction is appropriate based on the fact that Defendant is the "sole owner" of a website, www.iniani.com, that provides nutritional counseling through an internet-based subscription service.  (Mot. Compel at 3.)  Mr. Morrison maintains that this website has targeted, and may still be targeting, Spanish speakers in Aurora, Colorado through articles in *El Hispano* newspaper, which is based in Aurora.  (*Id.*)  Mr. Morrison also points out that, as of the date of his Motion to Compel, the website featured a phone number with a Colorado area code.  (*Id.*)

However, it appears that Defendant simply paid for and registered[6] the domain name inaini.com (*Id., *Ex. B at 1); Mr. Morrison does not present any evidence that Defendant was involved iniani.com's business activities.  Instead, Mr. Morrison admits that the nutritional counseling subscription service found on iniani.com is run primarily by Defendant's wife, Iniani Cardenas.  (*Id.* at 3.)  "The maintenance of a web site does not in and of itself subject the owner

---

[6] As noted in Section D. *infra,* Defendant is a licensed attorney.

or operator to personal jurisdiction." *Shrader v. Biddinger,* 633 F.3d 1235, 1241 (10th Cir.

2011). Rather, there must be some indication that the Defendant "deliberately directed" his

"message at an audience in the forum state." *Id.* Here, only Defendant's wife even arguably

"deliberately directed [her] message" at Colorado residents. *Id.* Defendant's wife is not a

defendant in this action; nor is there any reason, stated or otherwise, to assign her actions to

Defendant. Accordingly, the court finds that Defendant's registration and ownership of the

iniani.com website alone is insufficient for the court to exercise personal jurisdiction over him.

### D. *Additional Considerations*

Mr. Morrison's only remaining bases for asserting that the court has personal jurisdiction

over Defendant is that Defendant (1) is an attorney licensed to practice in Colorado since 1982

and (2) has been domiciled in Colorado in the past. (Mot. at 5.) A defendant's admission to

practice law in the forum state is insufficient to confer personal jurisdiction over that defendant,

particularly when no evidence of the extent of his practice in the forum state is presented. *See

Worthington v. Small,* 46 F. Supp. 2d 1126, 1134 (D. Kan. 1999); *Trierweiler v. Croxton &

Trench Holding Corp.,* 90 F.3d 1523, 1543-44 (10th Cir. 1996). Mr. Morrison has not presented

any evidence regarding Defendant's law practice in Colorado, past or present. Similarly, the fact

that Defendant lived in Colorado in the past is no more than a "highly attenuated" contact

insufficient to support personal jurisdiction. *Trierweiler,* 90 F.3d at 1544.

Otherwise, Defendant maintains, and Plaintiff does not dispute, that Defendant: (1) does

not reside in Colorado; (2) has not been physically present in Colorado for approximately four

years; (3) does not engage in any business with any individual or legal entity in Colorado; (4)

does not have any active legal proceedings, as either an attorney or a litigant, and does not

engage in attorney advertising in Colorado; (5) does not have any real or personal property in

Colorado; (6) resides primarily in either Mexico or Louisiana; and (7) maintains a New York

address and Louisiana driver's license.  (Doc. No. 4-1, Affidavit of John F. Dietz, ¶¶ 5-6.)

In light of these undisputed facts, the court finds that it would be inconsistent with due

process to exercise personal jurisdiction over Defendant in order to compel him to respond to

discovery in this matter.  Accordingly, because compelling Defendant to respond to discovery

notwithstanding the court's lack of jurisdiction over him would amount to an "undue burden,"

Fed. R. Civ. P. 26(c), the court finds that Defendant's Motion for Protective Order should be

granted to the extent that it seeks a protective order from the Mr. Morrison's discovery requests.

For the same reasons, the court also finds that Mr. Morrison's Motion to Compel should be

denied.

## 3.    *Additional Grounds for Relief*

Defendant's Motion for Protective Order also asserts that this court should deny post-

judgment discovery because (1) the Louisiana Court Judgment is uncollectible in the jurisdiction

where Plaintiff and Defendant reside, (2) the Louisiana Court Judgment is subject to equitable

set-off, (3) the alleged assignment of the Louisiana Court Judgment is invalid, (4) the discovery

propounded by Mr. Morrison violates Fed. R. Civ. P. 33, (5) Mr. Morrison's discovery requests

are being submitted for an improper purpose, (6) the discovery requests are unduly burdensome

and overly broad, and (7) Defendant is unable to appropriately address the discovery requests.

(*See* Mot. Protective Order.) Because this court has concluded that it lacks personal jurisdiction over Defendant, the court declines to address these remaining arguments.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant's Motion for Discovery Protective Order Under Rule 26(c) and Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction" (Doc. No. 3) be DENIED to the extent it seeks to dismiss this case for lack of personal jurisdiction. Additionally, in light of the disposition of the pending motions in this matter, the court also RECOMMENDS that this action be converted back into an RJ case (*See* Doc. No. 12).

It is further

ORDERED that "Defendant's Motion for Discovery Protective Order Under Rule 26(c) and Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction" (Doc. No. 3) is GRANTED to the extent it seeks a protective order under Rule 26(c).

It is further

ORDERED that Plaintiff's "Motion to Compel Post-Judgment Discovery" (Doc. No. 7) is DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of December, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge