IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-0 1692-RBJ-KMT

ANNE BENNETT MORRISON DIETZ,

    Plaintiff

v.

JOHN FORD DIETZ

    Defendant.

## ORDER

This matter is before the Court on Magistrate Judge Kathleen M. Tafoya's December 8, 2011 Order and Recommendation [#18]. Mr. Morrison, Ms. Dietz's assignee, filed a timely objection on December 27, 2011 [#19].

**Procedural History**

Richard Morrison commenced this action on March 14, 2011 as a Registration of a Foreign Judgment by filing a certified copy of a judgment issued in the United States District Court for the Western District of Louisiana [#1]. Mr. Morrison sought to register a judgment entered on September 17, 2008 against John Dietz in favor of Anne Dietz awarding Ms. Dietz a total of $31,351 on June 2, 2009 [#1-1]. On September 7, 2010 Ms. Dietz assigned all right, title and interest in the Louisiana Court Judgment to her brother, Richard Morrison [#2]. Mr. Morrison first sought to enforce the judgment in the United States District Court for the Northern

District of California, but Mr. Morrison's Motion to Compel Post-Judgment discovery was denied because the California court lacked personal jurisdiction over Mr. Dietz [#9-2].

Mr. Morrison is now attempting to enforce the judgment in the District of Colorado. On April 23, 2011 Mr. Morrison served Mr. Dietz with his first set of Post-Judgment Interrogatories and Requests for Production pursuant to Fed. R. Civ. P. 69(a) [#3-1, 3-2]. Mr. Dietz then filed a "Motion for Discovery Protective Order under Rule 26(c) and Motion to Dismiss under Rule 12(b) for Lack of Jurisdiction Motion" [#3]. On June 10, 2011 Mr. Morrison filed both his Response to Mr. Dietz's motion [#6] and a "Motion to Compel Post-Judgment Discovery" [#7]. Each party filed corresponding Responses and Replies.

On December 8, 2011 Magistrate Judge Tafoya issued an Order and Recommendation addressing these motions [#18]. Magistrate Judge Tafoya recommended that Mr. Dietz's motion [#3] be granted as to the protective order but denied to the extend it sought dismissal for lack of personal jurisdiction. She further recommended that this action be converted back to a registered judgment case. The magistrate judge recommended that Mr. Morrison's motion to compel [#7] be denied.

On December 27, 2011 Mr. Morrison filed an objection to Magistrate Judge Tafoya's recommendation, i.e., an objection to the granting of the protective order and to the denial of the motion to compel post-judgment discovery.

**Standard**

<u>Recommendation of a Magistrate Judge</u>

Mr. Morrison does not object to the dispositive recommendation made by Magistrate Judge Tafoya, i.e., he does not object to the denial of Mr. Dietz's Motion to Dismiss. Rather, Mr. Morrison is asking this Court to reverse Magistrate Judge Tafoya's non-dispositive orders.

2

An order on a motion that is not dispositive of a claim or defense is reviewed for clear error: "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a).  When reviewing non-dispositive motions "district courts review such orders under a 'clearly erroneous or contrary to law' standard of review." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)).

*Pro Se* Plaintiff

Both Mr. Morrison and Mr. Dietz are appearing *pro* se.  When a case involves a *pro se* party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007).  However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A broad reading of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based…conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*  Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

**Conclusions**

The magistrate judge denied Mr. Morrison's motion to compel and granted Mr. Dietz's motion for a protective order on the same ground, namely, that the Court does not have personal jurisdiction over Mr. Dietz.  Mr. Morrison now makes four arguments: (1) this is not a new action but merely the registration of a foreign judgment, and personal jurisdiction over the

3

defendant is not required; (2) the Court has ancillary jurisdiction over this matter; (3) personal jurisdiction should be decided under *International Shoes*'s "minimum contacts" test; and (4) this Court does have personal jurisdiction over Mr. Dietz through his contacts with Colorado.

In order to determine whether this Court has personal jurisdiction over Mr. Dietz, the Court must determine: "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The applicable statute, 28 U.S.C. § 1963, does not authorize service of process. Colorado's long-arm statute is consistent with due process clause of the Constitution and "extends the jurisdiction of Colorado courts to the fullest extent permitted by the due process clause of the United States and Colorado Constitutions." *Classic auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992). To comport with due process, Mr. Dietz must have minimum contacts with Colorado "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Such 'minimum contacts' can give rise to general or specific jurisdiction. "General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state, and does not require that the claim be related to those contacts." *Schrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)). The minimum contacts test for specific jurisdiction requires "first, that the out-of-state defendants must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities."

4

Contrary to Mr. Morrison's objection, Judge Tafoya applied the correct standard in her recommendation. The Court clearly does not have specific jurisdiction, because Mr. Morrison's claims do not arise out of Mr. Dietz's conduct in Colorado. Therefore, the magistrate judge applied the minimum contacts analysis in the context of general jurisdiction. "Minimum contacts" does not mean any contact will suffice. "Minimum contacts" is not a lesser bar to finding jurisdiction than "continuous and systematic" contacts. The minimum contacts test for general jurisdiction requires that the plaintiff demonstrate that the defendant had continuous and systematic contacts with the forum state. Judge Tafoya made no clear error in applying this standard.

However, Judge Tafoya determined that personal jurisdiction is *not* required for the purposes of registering a judgment. Here, Mr. Morrison and the Court agree. Upon the date of registration, the Court is not required to have personal jurisdiction over the defendant. The Court agrees that "because the process of registering a judgment does not require any affirmative act by the court, or notice to the parties, the court's *in personam* jurisdiction over the judgment debtor is not yet implicated. Accordingly, personal jurisdiction is not a prerequisite to the *registration* of a foreign judgment." [#18 at 11].

However, by asking this Court to compel a Mr. Dietz, the judgment-debtor, to respond to Rule 69(a) discovery, Mr. Morrison has taken this case beyond a simple registration of a judgment. The Court agrees with the magistrate judge that personal jurisdiction is necessary to take that step. A court cannot compel discovery unless the court has personal jurisdiction over that party. *See Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138-39 (5th Cir. 1980). Indeed, allowing otherwise would open the way for judgment creditors to "game the system" by forcing judgment debtors to be called into any federal district court to answer

5

discovery requests. Magistrate Judge Tafoya findings on this issue are not clearly erroneous or contrary to the law.

<u>Personal Jurisdiction over Mr. Dietz</u>

In his objection, Mr. Morrison maintains that the Court does have personal jurisdiction over Mr. Dietz. He argues that Mr. Dietz has attempted to take advantage of the benefits and protections of the laws of Colorado by being a licensed attorney in Colorado, by having Colorado corporation's assets distributed to him, and by owning and disposing of real property [#19 at 6-7].

As to Mr. Dietz's licensure in Colorado, admission to practice law in Colorado is insufficient to confer personal jurisdiction. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1543-44 (10th Cir. 1996) (finding that the court lacked personal jurisdiction over a defendant who was associated with a local legal foundation and was admitted to practice law). Likewise, Mr. Dietz's corporate connections to Colorado are minimal and insufficient. Mr. Dietz is the principal of Colorado corporation Servicios Legales, Inc. However, "[j]urisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself…jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987). Mr. Morrison has presented insufficient evidence that Mr. Dietz used the corporation to conduct personal activities to justify piercing the corporate veil.

Mr. Dietz did at one point own real property in Colorado. He was once the owner of "Rancho Durango," a 46-acre parcel of property in Durango, Colorado. However, Mr. Dietz has not held an ownership interest in that parcel since 1999. The property was transferred to Shambhala, LLC and then later transferred to an educational trust held for Mr. Dietz's children,

with Mr. Dietz as trustee.  Although Mr. Morrison questions the intentions behind the transfer of property, the fact that Mr. Dietz at one point owned the property is insufficient to justify conferring personal jurisdiction. *See Schaffer v. Heitner*, 433 U.S. 186, 209-10 (1977) (finding that the presence of property in the forum, that is not the subject of the underlying action, is insufficient to support jurisdiction).  Mr. Dietz transferred his interest in the property nine years before judgment was entered against him in favor of the Ms. Dietz, making fraud unlikely.

Mr. Morrison further maintains that the Court has personal jurisdiction over Mr. Morrison through his involvement with the website, iniani.com.  Iniani.com provides nutritional counseling by subscription [#7 at 3].  According to Mr. Morrison, the website targeted Spanish-speaking customers in Aurora, Colorado through articles in *El Hispano*, an Aurora newspaper. Mr. Morrison argues that Mr. Dietz is not only the registered owner of the website, but also the "administrative contact" listed on the website.  However, Mr. Dietz only registered the domain name, and although he may be listed as the "administrative contact," Mr. Morrison has not presented any evidence that Mr. Dietz has any involvement in iniani.com's business activities. In fact, Mr. Morrison admits that iniani.com is primarily run by Mr. Dietz's wife, Iniani Cardenas [#7 at 3].  "The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction."  *Shrader v. Biddinger,* 633 F.3d 1235, 1241 (10th Cir. 2011). The defendant must have "deliberately directed its message at an audience in the forum state," and Ms. Cardenas is the only party who could have even arguably done so.  Ms. Cardenas is not a party to this action and her activities cannot be imputed to Mr. Dietz.  Accordingly, Mr. Dietz's involvement with iniani.com is insufficient to justify a finding of personal jurisdiction.

Mr. Morrison's final argument is that Mr. Dietz's responses in this case give the Court jurisdiction over him.  Mr. Morrison argues that Mr. Dietz's Motion for a Protective Order [#3]

should be considered a motion for summary judgment and a general appearance by Mr. Dietz in this matter. The Court declines to construe Mr. Dietz's pleadings in that way. Thus far Mr. Dietz has limited his pleadings to those involving jurisdictional issues. Such actions do not confer personal jurisdiction.

Therefore, the Court finds that Magistrate Judge Tafoya's order was not clearly erroneous or contrary to the law.

**Order**

1. The Court affirms and GRANTS the December 8, 2011 Order of Magistrate Judge Tafoya [#18].

2. Plaintiff's Objection/Appeal [#19] is DENIED.

3. Motion #3 is GRANTED in part and DENIED in part.

4. This case may be administratively closed.

DATED this 29th day of May, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge